Harding's Estate.

*Robert M. Boyle,* for exceptant.

*John S. Sinclair* and *J. Snowdon Rhoads,* contra.

STEARNE, J., Nov. 1, 1929.—To alter the provisions of an act of assembly is clearly beyond judicial authority. The Act of June 20, 1919, P. L. 521, relating to the imposition and collection of transfer inheritance tax, specifically defines what property is taxable where the decedent is a non-resident. It is argued, however, that the parties "domesticated" the estate and thereby subjected it to the same tax which the statute imposes upon the estate of a resident decedent. Such result ensues, it is urged, because the Auditing Judge, at the request of all parties, awarded distribution direct to the beneficiaries without the intervention of an award to, and distribution by, the fiduciary at the domicile. In a carefully considered opinion, the Hearing Judge reviewed all of the authorities, and we agree with his conclusion that there is no merit in the Commonwealth's contention. The crux of the question, and its

answer, pointed out by the Hearing Judge, is found in the language of Mr. Justice Schaffer in Easby's Estate, 285 Pa. 60 (page 66) : "As the act does not impose a tax on the holdings of a non-resident decedent, save in the instances which it specifies, it cannot be extended to embrace other property of the decedent. To say that this property was domesticated by what was done in the Orphans' Court would not advance the result sought by the Commonwealth, because such property of a non-resident decedent is not within the scope of the act and would not be brought within its scope by being 'domesticated.' "

The exceptions are dismissed.

LAMORELLE, P. J., did not sit.